IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR448** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **RICHARD E. WRIGHT, JR.,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 33), and the Defendant's sentencing memorandum (Filing No. 36). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant primarily objects to the assessment of all criminal history points and the absence of a 2-level reduction in offense level under the safety valve.

*Criminal History Points*

The Defendant states that no criminal history points should be assessed for the offense appearing in ¶ 55, arguing that the Defendant was neither represented by counsel nor waived his right to counsel when he appeared in state court for that offense. The objection will be heard at sentencing. Once the government proves the fact of the conviction, the Defendant has the burden to show that his right to counsel was violated. *United States v. Charles,* 389 F.3d 797, 799 (8th Cir. 2004).

### *¶ 58 - Recency*

If the Defendant succeeds with the argument relating to ¶ 55, the 2 points assessed in ¶ 58 for recency would not be assessed, and the Defendant would have 0 criminal history points.

The Defendant raises an additional argument, assuming that he is not successful in his challenge to the criminal history points assessed in ¶ 55.  He argues that his involvement in the conspiracy was limited to the dates of October 6, 2008, and November 4, 2008, and therefore the 2 points for recency do not apply because his release from custody for the offense listed in ¶ 55 was not within 2 years of the instant offense.  This issue will be heard at sentencing if the Defendant is unsuccessful in his argument relating to his right to counsel with respect to the prior conviction listed in ¶ 55.  The burden is on the government by a preponderance of the evidence.

### *Safety Valve*

The Defendant argues that he is eligible for the safety valve.  This issue may only be addressed if the Defendant is successful with the above-described argument.  If the safety valve issue is addressed, the Defendant has the burden by a preponderance of the evidence.

### *¶¶ 97, 98 - Probation*

The Defendant objects to the statements in the PSR that probation is not authorized either under the statute or the guidelines.  This issue will be heard at sentencing only if applicable, given the other arguments raised.  The burden wold be on the Defendant by a preponderance of the evidence.

*Other Objections*

The Defendant objects to several other paragraphs in the PSR. These objections relate to matters that would be adjusted if the Defendant is successful with respect to his arguments relating to ¶ 55 and/or the safety valve. These objections will be addressed if necessary at sentencing.

IT IS ORDERED:

1. The Defendant's objections to the PSR will be heard as discussed above;

2. **If the parties need more than 30 minutes for the entire sentencing hearing**, they should immediately contact Edward Champion and reschedule the hearing;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4. Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final;

5. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing; and

6. The Defendant's motion for downward departure (Filing No. 78) will be heard at sentencing.

DATED this 12th day of June, 2009.

                                    BY THE COURT:

                                    s/ Laurie Smith Camp  
                                    United States District Judge